IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEAH CAMPER | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | Civil Action No. PWG-18-1794 |
| NATIONAL SECURITY AGENCY | ) ) ) | |
| *Defendant.* | ) ) | |

## DECLARATION OF TIMOTHY J. STINSON

I, TIMOTHY J. STINSON, hereby declare and state:

1. I am the Associate General Counsel for the Litigation component of the National Security Agency's ("NSA" or "Agency") Office of General Counsel ("OGC"). I have been employed with NSA since 2005[1] and have served in this position since 2017. In this position, I am responsible for overseeing all criminal and civil litigation matters involving the Agency. Most relevant to this case, my office assists the U.S. Army in its adjudication of all claims filed against the Agency by receiving claims and assisting in each investigation. In my 13 years with NSA prior to this assignment, I have held various leadership positions throughout the Agency, and have a detailed understanding of NSA's operations, management processes, and resources. My prior senior and supervisory positions include serving as the Associate General Counsel for

---

[1] I was initially assigned to NSA as a Navy Judge Advocate on active duty in January 2003 and was hired on as a civilian in October 2005.

1

Information Assurance/Cybersecurity and the Acting Associate General Counsel for Administrative Law and Ethics.

2.  Through the exercise of my official duties, I have become familiar with the current litigation arising out of a complaint filed on behalf of Ms. Leah Camper alleging that, among other things, the Agency has committed several common law torts against her over the past 15 years.

3.  In order to provide the necessary context for the discussion that follows, I will first describe how NSA receives and processes claims in accordance with the Federal Tort Claims Act (FTCA), 28 U.S.C. § § 2671-2680.

## FILING A CLAIM AGAINST THE NSA

4.  To state a valid claim under the FTCA, the claimant must demonstrate that:

    - He or she was injured, or his or her property was damaged by the acts or omissions of a federal government employee;
    - The employee was acting within the scope of his or her official duties;
    - The employee was acting negligently or wrongfully; and
    - The negligent or wrongful act or omission proximately caused the injury or damage of which he or she complains.

See generally 28 U.S.C. § 1346(b).

5.  Claims filed under the FTCA must be presented in writing to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b).

6.  Additionally, the FTCA requires a valid claim to be submitted to the relevant federal agency prior to the initiation of a lawsuit. Specifically, 28 U.S.C. § 2675 requires that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency** and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*See* 28 U.S.C. § 2675(a) (emphasis added).

7. Furthermore, because the NSA is a defense agency within the Department of Defense ("DoD"), it must apply both the mandates of the FTCA in addition to all relevant DoD policy. As a result, NSA applies DoD Directive 5515.9, which grants the Secretary of the Army with the authority to process and adjudicate tort claims filed against the DoD or one of its defense agencies.[2]

8. Therefore, in accordance with the FTCA and DoD Directive 5515.9, once NSA receives a tort claim, NSA works with the Fort George G. Meade Judge Advocate General's ("JAG") Office to thoroughly process and investigate the claim.[3] While a claim is being processed, it is entered into the DoD's Tort and Special Claims Database ("TSCA") to ensure that the DoD retains all relevant records about each claim. NSA also retains an electronic copy of each claim in a folder on its OGC Litigation shared drive.

9. Finally, once a claim's investigation is fully documented and completed, Fort Meade's JAG Office adjudicates the claim and communicates its decision to both NSA and the claimant.

---

[2] Additionally, pursuant to the authority granted to the Secretary of the Army in DoDD 5515.9, the Army issued Army Regulation 27-20 and the Department of the Army Pamphlet 27-162, which both regulate how the NSA and the Army process and investigate all valid claims.

[3] Please note that a different Area Claims Office may have jurisdiction to investigate and process a claim if it arises outside of the jurisdiction of Fort Meade's Area Claims Office. In that case, NSA would work with the Fort Meade JAG Office to locate the appropriate Area Claims Office and assist them investigation.

## NSA'S SEARCH FOR CLAIMS

10. In this case, NSA searched both the TSCA and its shared drive for records to determine if Ms. Camper previously filed a tort claim against the Agency in compliance with the requirements established in the FTCA prior to filing the instant lawsuit. *See* 28 U.S.C. § 2675(a). The TSCA database retains all claims filed in any jurisdiction across the nation.

11. To conduct this search, NSA contacted an Attorney Advisor who adjusts claims for the Agency, and asked that she perform a search of the TSCA database with both Ms. Camper's full name and her last name. This search produced no records indicating that Ms. Camper has ever formally filed any claim against NSA.

12. Next, OGC Litigation performed a search of its claims shared drive folder with Ms. Camper's full name and last name and found no records indicating that she has ever filed a claim against NSA.

13. Therefore, neither NSA nor the Army have any record of Ms. Camper ever filing any claim, including any tort claim, against NSA before initiating the instant lawsuit.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 7th day of February 2019, pursuant to 28 U.S.C. § 1746.

Timothy J. Stinson
Associate General Counsel for Litigation
Office of the General Counsel
National Security Agency