

**NATIONAL SECURITY AGENCY**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

PA Case: 84525/Appeal: 4312
05 February 2019

Ms. Leah Camper
P.O. Box 22
Pinola, MS 39149

Dear Ms. Camper:

On June 20, 2015, you submitted a Privacy Act (PA) request to the National Security Agency's (NSA) Freedom of Information Act Office (FOIA) for any unclassified information regarding "exactly what your Agency wants with me." As provided in the FOIA/PA Office's initial response to you, dated June 6, 2016, this request was assigned case number 84525. In this initial response, the FOIA/PA Office informed you that the Agency searched its records and found no information indicating that you had previously been affiliated with the Agency.

On June 27, 2016 you appealed the Agency's initial determination in this case, and your appeal was subsequently assigned appeal number 4312. While adjudicating this appeal, the Agency performed another search of its records and found that 8 records had been generated about you since the Agency preformed its last search. These records were created as a result of your unauthorized visit to the Agency on May 9, 2016.

By letter dated November 29, 2017, the NSA responded to your appeal and partially produced three of the above referenced documents to you. Information was removed from those three documents pursuant to FOIA Exemptions 5 U.S.C. § 552(b)(2), (b)(3), and (b)(7), as well as Privacy Act (PA) exemption 5 U.S.C. § 522a(k)(2). The remaining 5 documents were withheld in full pursuant to the same exemptions in addition to FOIA exemption 5 U.S.C. § 552(b)(5).

Subsequently, on June 30, 2018, you filed a litigation complaint against the Agency alleging, among other things, a violation of the Privacy Act (civil case no. 18-cv-1794). While preparing a declaration documenting the Agency's prior production of documents to you in appeal case number 4312, the Agency reprocessed the records previously released to you in order to ensure that all non-exempt information in these records is released to you. As a result, the same 3 documents that were released to you previously are enclosed herein with fewer redactions. These documents are marked with the following document identification numbers: 6647751, 6647753, 6647754. The redactions in these documents have removed information protected from disclosure pursuant to FOIA exemptions 5 U.S.C. § 552(b)(3) and (b)(7), and Privacy Act (PA)

exemption 5 U.S.C. § 522a(k)(2). The same 5 documents that were previously withheld, are still being withheld in full pursuant to FOIA Exemptions 5 U.S.C. § 552b)(3), (b)(5), and (b)(7), and PA exemption 5 U.S.C. § 522a(k)(2).

Additionally, in an effort to be as comprehensive as possible, the Agency performed an additional search of its records in December 2018 to determine if any additional Privacy Act records had been created about you since the Agency's November 29, 2017 production of documents to you. This search produced two additional records that were created as a result of your second unauthorized visit to the Agency on December 14, 2017. These two additional documents are also enclosed herein with information removed pursuant to FOIA Exemptions 5 U.S.C. § 552b)(3), (b)(5), and (b)(7), and PA exemption 5 U.S.C. § 522a (k)(2). These documents are marked with the following document identification numbers: 6647755, 6647756.

In sum, as a result of reprocessing previously responsive records and preforming an additional search, 5 documents that contain redactions are enclosed herein and 5 documents are being withheld in full. Each of the FOIA and PA exemptions that were applied to these documents will be explained below.

First, the third FOIA exemption, 5 U.S.C. § 552(b)(3), provides for the withholding of information specifically protected from disclosure by statute. The NSA is authorized by various statutes to protect certain information concerning its activities, and we have determined that such information exists within some of the withheld documents as well as some of the information removed from the produced documents. Accordingly, those portions of both the produced and the withheld documents are exempt from disclosure pursuant to the third exemption of the FOIA. The specific statutes applicable in this case are Title 18 U.S. Code 798; Title 50 U.S. Code 3024(i); and Section 6, Public Law 86-36 (50 U.S. Code 3605).

Second, the fifth FOIA exemption, 5 U.S.C. § 552(b)(5), protects the following categories of information from disclosure: (1) inter-agency or intra-agency memoranda or letters that would not be available by law to a party other than an agency in litigation with the agency; and (2) information that is normally privileged in the civil discovery context such as information that is part of a predecisional deliberative process, is subject to attorney-client privilege, or qualifies as attorney work product. Some of the information in the withheld documents was determined to be in draft form and is therefore protected from disclosure pursuant to 5 U.S.C. § 552(b)(5).

Third, the seventh FOIA exemption, 5 U.S.C. § 552(b)(7), protects from disclosure records or information compiled for law enforcement purposes. This includes information that, if released, would reveal law enforcement techniques or procedures. Information in both the withheld documents and the documents produced in part meets the threshold requirements for withholding under exemption 7 of the FOIA.

PA Case: 84525/Appeal 4312

Finally, Privacy Act exemption 5 U.S.C. § 552a(k)(2) protects investigatory material compiled for law enforcement purposes from disclosure. Information in both the withheld documents and the documents produced in part constitutes law enforcement information that meets the requirements for withholding material from disclosure under this exemption.

Sincerely,

JOHN R. CHAPMAN
Chief, FOIA/PA Office
NSA Initial Denial Authority

Encls:
a/s