

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Neil R. White*  
*Deputy Chief, Civil Division*  
*Neil.White@usdoj.gov*

*Suite 400*  
*36 S. Charles Street*  
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4958*  
*MAIN: 410-209-4800*  
*FAX: 410-962-2310*

September 23, 2019

**VIA CM/ECF ONLY**
The Honorable Paul W. Grimm
United States District Judge
United States Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland  20770

      RE:    Plaintiffs' Motion for Limited Reconsideration
             *Leah Camper, et al. v. National Security Agency, et al.*,
             Case No. 1:18-cv-01794-PWG

Dear Judge Grimm:

     I write concerning Plaintiffs' September 9, 2019 "Motion for Limited Reconsideration." ECF 28.  On August 15, 2019, this Court issued a Memorandum Opinion and Order, disposing of all remaining claims in Plaintiffs' Complaint concerning allegations that the NSA orchestrated a campaign to surveil and harass them in various ways since 2003.  ECF 27.  Following Plaintiffs' concession that their claims were not justiciable or were improperly pled, the Court previously had dismissed five of the eight counts set forth in the Complaint.  *Id.* at 5 (citing ECF 24 and 25).  In its Memorandum Opinion and Order, after detailing the factual allegations of the Complaint (expressly including Ms. Camper's mother's declaration), the Court readily concluded that none of the extant tort and constitutional claims (Counts 7 and 8) could survive dismissal.  ECF 27, at 5.  The Court proceeded to analyze in detail the Privacy Act claims in Count 4.  Construing them as both "access" and "amendment" claims, the Court determined that there was nothing improper about NSA's denial of Camper's request for access (and that the Agency properly responded to her request), and that she failed to exhaust her administrative remedies to pursue the amendment claim.  *Id.* at 7-10.

     The Court also denied Plaintiffs' request for leave to amend to add "John Doe" *Bivens* defendants to counts 7 and 8.  ECF 27, at 10-13.  After careful consideration, the Court decided that, regardless of whether "John Does" were substituted in place of the NSA and its former director, Plaintiffs' claims regarding, inter alia, the constant harassment and invasion of their privacy by electronic surveillance, thefts, and being followed everywhere they go – all committed by people they believe to be NSA or CIA employees or contractors – would remain insubstantial and frivolous for purposes of Rule 12(b)(1).  *Id.* at 11-13.  Even assuming for argument's sake that jurisdiction could exist, the Court found that Plaintiffs' proposed amendment would not "nudge this suit into the realm of plausibility" for purposes of surviving dismissal under Rule 12(b)(6).  *Id.* at 13.

     In their two-page motion filed under Rule 60(b), Plaintiffs appear to seek "clarification" as to whether their allegations against "independent contractors" were dismissed for failing to present an administrative claim under the FTCA, or dismissed as "fantastic or delusional."  ECF 28, at 1-2.  They

also suggest that their claims somehow are not frivolous because both of them allege to have experienced the harassment and surveillance, and because they submitted an affidavit from a former NSA employee attesting that the NSA "and independent contractors that it hires routinely engage in widespread illegal surveillance of American citizens." *Id.* at 2.

Despite the Court's Letter Order Regarding the Filing of Motions, ECF 9 (explaining the procedure to be followed for all substantive motions, expressly including "**post-judgment motions or other motions following dismissal of the case** [such as motions for . . . reconsideration"]) (emphasis in original), Plaintiffs did not file a letter seeking permission to file their motion, though it has been docketed as a "Proposed" motion." In any event, since a motion, rather than a letter was filed, and because the Court has not scheduled a telephone conference regarding same, Defendants did not want Plaintiffs' motion to remain unaddressed.

Defendants assert that Plaintiffs' motion (if permitted to be filed) fails to demonstrate the "exceptional circumstances" required.[1] In addition to failing to set forth, let alone apply, the standards for relief under Rule 60(b), Plaintiffs ask the Court for an irrelevant "clarification" as to the nature of dismissal for unidentified "contractors" who were not named as defendants. Similarly, their suggestion that the Court erred in its analysis about the implausible (if not insubstantial) nature of their claims is based solely upon unsupported speculation that it did not consider the entire record.

Defendants would be pleased to provide a formal opposition at the Court's request. Thank you for your consideration of matters addressed herein.

> Very truly yours,
>
> Robert K. Hur
> United States Attorney
>
> By: ____/ s /_____
> Neil R. White
> Assistant United States Attorney

cc (via CM/ECF):
Counsel of Record

---

[1] The remedy provided by Rule 60(b) is "extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton Steamship Company, Inc.,* 608 F.2d 96, 102 (4th Cir. 1979). The moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993). If these threshold requirements can be met, the moving party must show one the criteria set forth in the Rule. The movant "must clearly establish the grounds therefore to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley,* 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted). Rule 60(b) does not permit "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (per curiam) (quotation omitted); *see also Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988) (motion for reconsideration "is not a license for a losing party's attorney to get a 'second bite at the apple'") (cited in *Potter v. Potter,* 199 F.R.D. 550, 552 n.1 (D. Md. 2001)).