UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

September 30, 2019

RE: *Camper v. National Security Agency*
8:18-cv-01794-PWG

## LETTER ORDER

Dear Counsel:

This order addresses Plaintiffs' Motion for Reconsideration, ECF No. 28, of this Court's Memorandum Opinion and Order granting Defendants' motion to dismiss, ECF No. 27. For the reasons discussed below, Plaintiffs' Motion for Reconsideration is DENIED.

On June 18, 2019, Plaintiffs filed an eight-count complaint accusing the NSA of a campaign to surveil and harass them. ECF No. 1. Plaintiffs are represented by counsel, who conceded that most of the claims were not justiciable or were improperly pleaded. ECF No. 24. These claims were dismissed without prejudice. ECF No. 25. Plaintiffs' sole remaining claim, which sought a court order pursuant to the Privacy Act of 1974 requiring the NSA to make records available to their lawyer and to delete "all false and defamatory material" those records might contain, was denied. ECF No. 27. This Court also denied Plaintiffs' request for leave to amend to add "John Doe" *Bivens* defendants to its constitutional claims in counts 7 and 8. *Id.*

On September 23, 2019, Plaintiffs filed a "Motion for Limited Reconsideration" under Federal Rule of Civil Procedure 60(b). ECF No. 28. The Motion requests a "clarification" as to whether the Court's order dismissing this case applies to claims against independent contractors. *See id.* at 1-2. The Motion also states the claims are not frivolous because they were experienced by both plaintiffs and argues that the Court did not properly consider the affidavit submitted by a former NSA employee, Karen Melton Stewart. *Id.* at 2.

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. Pr. 60(b). Plaintiffs have offered no basis for relief under Rule 60(b). With respect to Plaintiffs' request for "clarification," I note that the Court's Orders of April 4, 2019 and August 15, 2019, dismissed all of Plaintiffs' claims. ECF Nos. 25, 27.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/  9/30/19

Paul W. Grimm
United States District Judge